IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RASHAD C. LEE, AIS 213823, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-74-WHA-SMD |
| ) | (WO) |
| REOSHA BUTLER, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Alabama inmate Rashad C. Lee's motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. (Docs. 2 and 3.) By his motion, Lee challenges his guilty plea conviction for murder entered in the Circuit Court of Bullock County in November 2000. He is serving a life sentence for that conviction. As discussed below, the undersigned finds that Lee's instant Rule 60 motion constitutes a successive petition for habeas corpus relief under 28 U.S.C. § 2254, which should be summarily dismissed because Lee has not obtained the required appellate court authorization to file a successive habeas application.

**I.   BACKGROUND**

Lee has filed several prior petitions for habeas corpus relief under 28 U.S.C. § 2254 challenging his Bullock County murder conviction and life sentence. He filed the first such § 2254 petition in this court on September 30, 2005. *See Lee v. Mitchem*, Case No. 2:05-cv-968-WKW (M.D. Ala. 2006). In that action, this court denied Lee relief and dismissed

his claims with prejudice, finding his petition to be time-barred under 28 U.S.C. §2244(d). (*Id.*, Docs. 22, 26, and 27.)

Lee filed a second § 2254 petition challenging his murder conviction and life sentence on March 19, 2009. *See Lee v. Giles*, Case No. 2:09-cv-234-TMH (M.D. Ala. 2009). This court dismissed that petition under the provisions of 28 U.S.C. § 2244(b)(3)(A), because it constituted a second or successive habeas petition filed without the required authorization from the Eleventh Circuit Court of Appeals. (*Id.*, Docs. 5, 12, and 13.)

Lee filed a third habeas petition in this court on July 22, 2013. *See Lee v. Estes,* Case No. 2:13-cv-797-WHA (M.D. Ala. 2013). Although Lee styled that petition as one for relief under 28 U.S.C. § 2241, this court construed the petition as one filed under § 2254, because it attacked Lee's murder conviction and life sentence. The court then dismissed that petition under the provisions of § 2244(b)(3)(A), because it constituted a successive habeas petition filed without the required authorization of the Eleventh Circuit Court of Appeals. (*Id.*, Docs. 3, 5, and 6.)

In July 2019, Lee filed a self-styled motion for relief from judgment under Rules 60(b)(4) and 60(d)(1)(3) of the Federal Rules of Civil Procedure, by which he again attacked his murder conviction and life sentence. *See Lee v. Givens,* Case No. 2:19-cv-472-WKW (M.D. Ala. 2019). Despite Lee's designation of that motion as one for relief under Fed. R. Civ. P. 60, this court construed the motion as a petition for writ of habeas corpus under 28 U.S.C.§ 2254 because it attacked Lee's murder conviction and life sentence and not the integrity of Lee's initial § 2254 habeas proceeding. The court then dismissed that

petition under the provisions of § 2244(b)(3)(A), because it constituted a successive habeas petition filed without the required authorization of the Eleventh Circuit Court of Appeals. (*Id.*, Docs. 2, 7, and 8.)

Lee filed the instant Rule 60 motion (Doc. 2) in January 2022, and he amended the motion in February 2022 (Doc. 3). For the reasons that follow, the court finds that Lee's instant motion constitutes yet another successive petition for habeas corpus relief under 28 U.S.C. § 2254 filed without the required appellate court authorization.

## II.   DISCUSSION

According to Lee, he is seeking relief under Rules 60(b)(4), 60(b)(6), and 60(d)(1) of the Federal Rules of Civil Procedure.[1] (*See* Doc. 2 at 1; Doc. 3 at 1, 4.) "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. *See* Fed. R. Civ. P. 1. Rule 60 provides no vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

---

[1] Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case. Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Federal Rule of Civil Procedure 60(d)(1) authorizes the court to entertain an independent action to relieve a party from a judgment in a civil case.

When a *pro se* inmate, like Lee, brings a motion under Rule 60, the district court may appropriately construe it as a 28 U.S.C. § 2254 habeas petition, and, if applicable, treat it as an unauthorized second or successive petition. *See Williams*, 510 F.3d at 1293–95. If construed as a second or successive petition, the district court lacks subject matter jurisdiction on the merits of any claims in the petition. *Id*. at 1295.

In *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005), the Supreme Court provided guidance on how prisoner claims in a Rule 60 motion should be construed where the prisoner has filed a previous § 2254 petition that has been denied. If the nominal Rule 60 motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any previous § 2254 claims on the merits, then the court should construe the Rule 60 motion as a second or successive § 2254 petition attacking the conviction and sentence, and dismiss it accordingly. *Id*.; *see also Williams*, 510 F.3d at 1293–94. By contrast, when a Rule 60 motion attacks some defect in the integrity of the prior federal habeas proceedings, courts should not treat the Rule 60 motion as a successive § 2254 petition. *Gonzalez*, 545 U.S. at 532–33; *see also Williams*, 510 F.3d at 1294. Such motions can be ruled on by the district court without the precertification from the court of appeals ordinarily required for a second or successive § 2254 petition. *Gonzalez*, 545 U.S. at 538.

In his instant motion as amended, Lee argues he was indicted for intentional murder under ALA. CODE § 13A-6-2(a)(1) but the trial court accepted his guilty plea to the "nonexistent offense" of first-degree murder. (Doc. 2 at 6–8; Doc. 3 at 1–4.) Therefore, he says, the trial court lacked jurisdiction and his conviction and sentence are void. (*Id*.) These

grounds asserted by Lee challenge the validity of his state conviction and sentence. They do not point to a defect in the integrity of this court's prior judgment denying his initial § 2254 petition.[2] Because Lee only asserts claims attacking his conviction and sentence, this court must construe his self-styled Rule 60 motion as a successive § 2254 petition. *See Gonzalez*, 545 U.S. at 531–32.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[3] 28 U.S.C. § 2244(b)(3)(B), (C).

---

[2] Lee also makes a confusing and convoluted argument that Alabama officials conspired to delay completion of the transcript of his guilty plea proceeding, which he says then prevented him from filing his initial 28 U.S.C. § 2254 petition in a timely fashion. (*See* Doc. 2 at 2–5.) Suffice it to say, however, that Lee fails to support the allegation that actions by Alabama officials prevented him from filing a § 2254 petition within the one-year federal statute of limitations, 28 U.S.C. § 2244(d). Nor does this unsupported allegation establish any defect in the integrity of proceedings on Lee's initial § 2254 petition. To the extent such a claim by Lee arguably impugns the integrity of those proceedings, Lee fails to demonstrate any entitlement to relief under Fed. R. Civ. P. 60.

[3] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Lee's instant § 2254 petition is a successive petition subject to the limitations of § 2244(b). Lee furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief. "Because this undertaking [is a successive] habeas corpus petition and because [Lee] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, this case is due to be summarily dismissed.

---

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) because Lee has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that the parties shall file any objections to this Recommendation **by March 2, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of February, 2023.

      /s/ Stephen M. Doyle
      STEPHEN M. DOYLE
      CHIEF U.S. MAGISTRATE JUDGE